**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH HULETT, individually, and on behalf of
others similarly situated,

                        Plaintiff,

            v.                                              1:24-cv-996 (AMN/MJK)

EYEBUYDIRECT, INC.,

                        Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **THE LAW OFFICES OF**<br>**JIBRAEL S. HINDI**<br>1515 NE 26th Street<br>Wilton Manors, FL 33305<br>*Attorneys for Plaintiff* | **ZANE C. HEDAYA, ESQ.** |
| **SEGAL McCAMBRIDGE SINGER**<br>**& MAHONEY, LTD.**<br>777 Third Avenue – Suite 2400<br>New York, NY 10017<br>*Attorneys for Defendant* | **ANDREW J. WELLS, ESQ.**<br>**CARLA M. VARRIALE- BARKER,**<br>**ESQ.** |
| **COPILEVITZ, LAM & RANEY, P.C.**<br>310 W. 20th Street – Suite 300<br>Kansas City, MO 64108-2025<br>*Attorneys for Defendant* | **WILLIAM E. RANEY, ESQ.**<br>**COLIN T. GREGORY, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On August 13, 2024, Plaintiff Joseph Hulett commenced this action against Eyebuydirect,

Inc., ("Eyebuydirect") pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et*

*seq.* ("TCPA").  *See* Dkt. No. 1 ("Complaint").  On October 23, 2024, Eyebuydirect moved to

dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *see* Dkt. No. 11, and on October 24, 2024, Plaintiff filed an amended complaint as a matter of course pursuant to Fed. R. Civ. P. 15, which bolstered certain factual allegations.  *See* Dkt. No. 12 ("Amended Complaint").  On November 7, 2024, Eyebuydirect renewed its motion to dismiss.  *See* Dkt. No. 27 ("Motion").  On November 8, 2024, Plaintiff filed a response in opposition to the Motion, *see* Dkt. No. 29, and on December 5, 2024, Eyebuydirect filed a reply in further support of the Motion, *see* Dkt. No. 30. The Motion is now ripe for adjudication.

For the reasons that follow, the Motion is granted.

## II.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (On a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").  The allegations are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

### A.  Allegations

Plaintiff is a citizen and resident of Saratoga County, New York.  Dkt. No. 12 at ¶ 6. Eyebuydirect is a Texas corporation with its headquarters in Dallas, Texas.  *Id.* at ¶ 7.  On or about March 11, 2024, after receiving at least one text message, Plaintiff requested to opt-out of Eyebuydirect's text messages by replying with a "stop" instruction.  *Id.* at ¶ 9.  In response,

Plaintiff received another message which read, "You've opted out and will no longer receive messages from Eyebuydirect." *Id.* at 3.[1]

Despite this confirmation, Plaintiff received additional text messages from Eyebuydirect on March 15, March 18, and March 20, 2024. *Id.* at ¶ 10. Each of the text messages Plaintiff received advertised and promoted Eyebuydirect's products. *Id.* at 4. Plaintiff alleges that Eyebuydirect "had the ability to immediately opt Plaintiff out of further communications but chose not to do so." *Id.* at ¶ 11. Plaintiff also alleges that Eyebuydirect's failure to honor the opt-out request "demonstrates that [Eyebuydirect] has not instituted procedures for maintaining a list of persons who request not to receive text messages[,]" that Eyebuydirect "does not provide training to its personnel engaged in telemarketing[,]" and that Eyebuydirect "does not maintain a standalone do-not-call-list." *Id.* at ¶¶ 15-17.

### B. TCPA

Plaintiff alleges that Eyebuydirect violated the TCPA and sues pursuant to 47 U.S.C. § 227(c), which provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). One such regulation, 47 C.F.R. § 64.1200(d), limits the ability of telemarketers to call residential telephone subscribers without first implementing a set of do-not-call procedures.[2] Under 47 C.F.R. § 64.1200(d):

> No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The parties do not dispute that the TCPA covers the alleged telemarketing text messages. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the statute]." (citation omitted)).

person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

*Id.* The regulation provides a set of minimum requirements for a party's internal do-not-call procedures, including as relevant to Plaintiff's claims: having a written policy which is available to consumers upon demand, training personnel as to the existence and use of the internal do-not-call list, recording and honoring do-not-call requests within a reasonable period, and maintaining records of do-not-call requests that must be honored for five years. 47 C.F.R. § 64.1200(d)(1)-(6).[3] Of particular importance to this case, 47 C.F.R. § 64.1200(d)(3) provides, in part:

> Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request.[4]

---

[3] In his response to the Motion, Plaintiff points to a purported additional internal failing of Eyebuydirect: that it "has no policies or procedures in place to determine whether the telephone numbers it is soliciting are registered on the National Do-Not-Call [list]." Dkt. No. 29 at 8. In addition to laying out requirements for maintaining an internal do-not-call list, the TCPA and its accompanying regulations also provide that an entity engaged in telemarketing must honor a national do-not-call registry. Claims based on an entity's failure to adhere to the national do-not-call list involve unique considerations that are not relevant here. *Compare* 47 C.F.R. § 64.1200(c) *with* 47 C.F.R. § 64.1200(d); *see also Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 129-31 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) (describing key distinctions). Despite his contentions in response to the Motion, the Amended Complaint does not mention the national do-not-call registry, let alone allege that Eyebuydirect has failed to comply with any regulations pertaining to it. *See* Dkt. No. 12 at ¶¶ 14-18. Thus, the Court cabins its analysis to Eyebuydirect's obligation to implement procedures as to its own internal do-not-call list.

[4] Though the parties do not raise the issue, the Court is aware that the Federal Communications Commission has recently amended § 64.1200(d)(3) to provide that a period of delay may not exceed 10 business days, rather than 30 days. *See Strengthening the Ability of Consumers To Stop Robocalls*, 89 Fed. Reg. 15756-01, 15758, 2024 WL 915454, at *1 (Mar. 5, 2024). The relevant amendment went into effect on April 11, 2025. *See Strengthening the Ability of Consumers To Stop Robocalls*, 89 Fed. Reg. 82518-01, 82518, 2024 WL 4458803 (Oct. 11, 2024). As the parties acknowledge in their briefing, the 30-day period applies to Plaintiff's claims.

*Id.* Put simply, § 64.1200(d)(3) requires that a party implement procedures that enable it to honor an opt-out request within a "reasonable" timeframe. *Id.*

### C. The Lawsuit and the Motion

Plaintiff alleges that Eyebuydirect violated the TCPA and its regulations by continuing to send text messages to Plaintiff after he opted-out of further communications, by lacking a do-not-call list, by failing to maintain the required written policies, and by failing to train personnel engaged in telemarketing. Dkt. No. 12 at ¶¶ 46-50. Plaintiff also seeks to represent a class of individuals who, "within the four years prior to the filing of this lawsuit . . . received two or more text messages within any 12-month period, from or on behalf of [Eyebuydirect] . . . after communicating to [Eyebuydirect] that they did not wish to receive text messages by replying with a 'stop' or similar opt-out instruction." Dkt. No. 12 at ¶ 27 (the "proposed class"). The Amended Complaint seeks class certification, statutory damages, declaratory relief, and an injunction barring further violations of 47 C.F.R. § 64.1200(d) ("§ 64.1200(d)"). *Id.* at 12.

Defendant's Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), asserting various arguments as to why the claims set forth in Plaintiff's Amended Complaint should be dismissed. *See generally* Dkt. No. 27-1. First, Eyebuydirect argues that Plaintiff has failed to plausibly allege that Eyebuydirect lacks a written "do-not-call" policy and has failed to implement the required procedures under § 64.1200(d). *Id.* at 3-4. Second, Eyebuydirect argues that the Amended Complaint, in fact, shows that Eyebuydirect honored Plaintiff's request within a reasonable timeframe by halting further text messages seven business days and nine total days after Plaintiff's opt-out request. *Id.* at 5-7.

### III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).

In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  This presumption, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleadings, the court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted).  Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

## IV.  DISCUSSION

### A.  Plausibility and § 64.1200(d) Claims

First, as a preliminary issue, the Court addresses what is required to plausibly assert a claim

under § 64.1200(d).  Eyebuydirect characterizes Plaintiff's allegations of Eyebuydirect's internal procedural failures as "conclusory" and asserts that they represent no more than "threadbare recitals of the elements of a cause of action."  Dkt. No. 27-1 at 3-4.  Eyebuydirect also points to Plaintiff's failure to allege that "he requested a copy of Eyebuydirect's 'do-not-call' policy" as weighing in favor of dismissal,  *id.* at 4, though it asserts that the Amended Complaint is fatally deficient even without considering that purported shortcoming.  *See* Dkt. No. 30 at 2.  In response, Plaintiff argues that requesting a defendant's do-not-call policy is not a prerequisite for bringing a claim under § 64.1200(d).  Dkt. No. 29 at 7.  Plaintiff also asserts that "a plaintiff cannot factually allege that something does not exist by saying much more than that it does not exist[.]"  *Id.* at 10.  Put differently, Plaintiff argues that the Amended Complaint could not have provided additional factual support for its claim under § 64.1200(d) "because the specific facts [at issue] are peculiarly in [Eyebuydirect's] possession and control."  *Id.*  Instead, Plaintiff argues, "all a plaintiff is required to do is allege [the relevant facts] in good faith, and on information and belief."  *Id.* at 3.

To successfully plead a TCPA claim under § 64.1200(d), a Plaintiff must plausibly allege, "that the entity placing the calls failed to institute the proper procedures *prior* to the initiation of the call."  *Barr v. Macys.com, LLC*, 1:22-cv-07867 (ALC), 2023 WL 6393480, at *4 (S.D.N.Y. Sep. 29, 2023) (emphasis in original) (quoting *Simmons*, 222 F. Supp. 3d at 131).  A plaintiff "may request a copy of defendant's Internal [policies] to bolster his claim[,]" but the nature of the claim otherwise limits a plaintiff's ability to allege the required elements with factual specificity.  *Id.* (citing *Perrong v. Brief Call Inc.*, No. 22-CV-04128 (PGG)(SN), 2023 WL 6005963, at *4 (S.D.N.Y. Aug. 7, 2023)).[5]  At issue, then, is whether, *at the pleading stage*, and in the absence of

---

[5] The requirement that a defendant have a written policy, available on demand, is only one of several requirements created by § 64.1200(d), and thus, the Court agrees with Plaintiff that such a

concrete information as to a defendant's internal procedures, a complaint's allegation that a defendant continued to message a plaintiff after an opt-out request, alone, supports the inference that the defendant lacked the internal procedures and policies required by § 64.1200(d).

When faced with this predicament, a majority of courts have recognized that, generally, allegations of continued contact after an alleged opt-out may be sufficient to plausibly suggest that the defendant did not implement the required internal procedures prior to contacting the plaintiff. *See, e.g.*, *Menin v. Star Markets Co., Inc.*, No. 23-cv-11918-DJC, 2024 WL 4123522, at *3 (D. Mass. Sep. 9, 2024) (denying motion to dismiss based on allegations of continued telemarketing); *Eagle v. GVG Capital, LLC*, No. 22-cv-00638-SRB, 2023 WL 1415615, at *4 (W.D. Mo. Jan. 31, 2023) ("it is reasonable to infer that [d]efendant did not have internal procedures" based on allegations of continued telemarketing); *Adam v. CHW Grp., Inc.*, No. 21-cv-19-LRR, 2021 WL 7285905, at *2, 9 (N.D. Iowa Sept. 9, 2021) (denying a motion to dismiss where "[plaintiff] requested that [defendant] stop calling him, [defendant] did not, and based on [defendant's] failure to stop calling him, [plaintiff] alleges that [defendant] violated the procedures required in 47 C.F.R. § 64.1200(d)"); *Gill v. Align Tech. Inc.*, No. 21-CV-631-JPS, 2022 WL 1540016, at *9 (E.D. Wis. May 16, 2022) (finding that contact after an opt-out request "plausibly indicates that [defendant] violated the TCPA's regulations by failing to honor [p]laintiff's do-not-call requests within a reasonable amount of time."). At base, these "[c]ourts have inferred that internal do-not-call procedures are deficient when calls to an individual who has requested not to be called continue." *Mattson v. Quicken Loans. Inc.*, No. 3:18-CV-00989-YY, 2018 WL 5255228, at *6 (D. Or. Oct. 22, 2018). Plaintiff construes these cases as suggesting that *any* allegations of continued messages

---

request is generally not a prerequisite for asserting a claim under the regulation. However, as discussed below, courts can consider a plaintiff's failure to make such a request in its broader assessment of whether a complaint plausibly suggests a defendant's liability.

after a plaintiff's opt-request are sufficient to state a claim.

There is a dearth of relevant cases in the Second Circuit. However, at least one district court in this Circuit has suggested that allegations similar to those alleged here may be insufficient to survive a motion to dismiss. In *Barr v. Macys.com, LLC*, the court found that a plaintiff had failed to plausibly allege a violation of § 64.1200(d) after finding that "there [was] no evidence Plaintiff made [] a request [for the written policy]" and that plaintiff's allegations of deficient internal procedures were based solely on plaintiff's receipt of text messages one business day after an opt-out request. 2023 WL 6393480, at *5-6. The court characterized the plaintiff's allegations of procedural deficiencies as "conclusory" and found that they "failed to adequately dispute the existence of [d]efendant's internal [do-not-call] list and policies, or that Defendant's procedures were lacking in any way." *Id.*; *see also Rahimian v. Adriano*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *3 (D. Nev. Mar. 16. 2022). Thus, Eyebuydirect contends that *Barr* stands for the proposition that parties relying solely on allegations of continued text messages in violation of opt-out requests, like Plaintiff, have failed to plausibly allege a violation of § 64.1200(d).

Though it acknowledges the apparent gap between *Barr* and the cases identified by Plaintiff, the Court finds that these decisions can largely be reconciled. First, and most importantly, the Court notes that the plausibility standard applied at the motion to dismiss stage, "does not prevent a plaintiff from 'pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible[.]'" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotation marks omitted). Second, the Court notes that the court in *Barr* was ultimately swayed by facts particular to that case: a relatively short period of continued telemarketing and the plaintiff's failure to request the

defendant's do-not-call policy. 2023 WL 6393480, at *5-6. Considering these unique weaknesses in the allegations, the court in *Barr* implicitly found that the complaint lacked a sufficient basis to support the remaining allegations of internal procedural failures. *Id.* Thus, *Barr* does not appear to mandate dismissal of all complaints which rely on allegations of internal procedures pled on information and belief, but instead, merely suggests dismissal is appropriate in especially weak cases where the facts which are alleged in non-conclusory terms do not provide the necessary "heft" to establish plausibility. *Twombly*, 550 U.S. at 557.

Read in this light, the Court adopts the reasoning in *Barr*. Certainly, allegations of continued telemarketing calls *may be* sufficient to plausibly suggest a defendant is liable, particularly where the alleged period of continued telemarketing is arguably unreasonable or where other facts tip the scales in favor of plausibility. *See, e.g, Menin*, 2024 WL 4123522, at *3 (denying dismissal where allegations included *21 days* of continued messaging after *two* opt-out requests (emphasis added)); *Gill*, 2022 WL 1540016, at *9 (pointing to an "*escalation*" in contact after an opt-out as sufficient (emphasis added)); *Adam*, 2021 WL 7285905, at *2 (denying dismissal where telemarketing continued *more than two months later*); *Mattson*, 2018 WL 5255228, at *6 ("With the additional fact that he was repeatedly called *beyond 30 days* after a specific request not to be called, this court can infer the lack of adequate internal procedures[.]" (emphasis added)). However, in other cases, allegations which demonstrate that a plaintiff's opt-out request was honored *within a reasonable period* may undermine the complaint's ability to support an inference of § 64.1200(d) liability, especially when paired with a plaintiff's failure to request a defendant's internal policy. Because of the particularities of the case, *Barr* falls into the latter category. For similar reasons, as discussed below, this case does, as well.

To be clear, the Court's decision should not be read to universally foreclose future actions

under § 64.1200(d) which rely in part on allegations pled on information and belief.  Such a broadly applicable rule would violate the Court's obligation to draw reasonable inferences in favor of plaintiffs, especially considering the lack of information available to Plaintiff discussed herein. Instead, courts must consider the facts which *are* concretely alleged, alongside those pled on information and belief, and assess whether the allegations as a whole plausibly suggest liability under § 64.1200(d)(3).

### B. Plausibility of Plaintiff's Allegations

Applying this clarified approach, Plaintiff has failed to plausibly allege that Eyebuydirect is liable.  The Amended Complaint, boiled down to its core allegations, asserts that Eyebuydirect sent three text messages to Plaintiff over a period of seven business days (and nine days total) after Plaintiff requested to opt-out of future text messages.  *See generally* Dkt. No. 12.  Absent more, these allegations are insufficient to tip the scales in favor of plausibility because, as a matter of law, they do not allege an unreasonable delay in honoring Plaintiff's opt-out request.

As discussed above, § 64.1200(d)(3), one of several procedural requirements imposed under § 64.1200(d), requires that, "[p]ersons or entities making [telemarketing] calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made.  This period may not exceed 30 days from the date of such request."  *Id.*  Defendant interprets this provision to provide for a 30-day safe harbor, meaning that a defendant cannot be held liable so long as their internal procedures ultimately honor a plaintiff's do-not-call request within 30 days.  Dkt. No. 27-1 at 6; Dkt. No. 30 at 5.  Plaintiff argues that the 30-day period serves to establish that delays of more than 30 days are unreasonable, but that shorter periods can also establish liability so long as the defendant's timing was

"unreasonable" under the specific circumstances of the case.  Dkt. No. 29 at 4-7.

Plaintiff correctly points out that the majority of district courts that have addressed this question appear to interpret § 64.1200(d)(3) as establishing that delays of more than 30 days are unreasonable, rather than establishing a safe harbor for delays under 30 days.  These courts have found that whether a defendant honored a do-not-call request within a reasonable period is a question of fact best left to the jury in most circumstances where the period is less than 30 days. *See, e.g., Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401, 2021 WL 4776774, at *5 (E.D. Mich. Oct. 13, 2021) ("Although § 64.1200(d)(3) states that a thirty-day delay in honoring do not call requests is per se unreasonable, it does not state that any shorter delay is per se reasonable . . . . The Court cannot determine the reasonableness of this delay on the pleadings alone."); *Nece v. Quicken Loans, Inc.*, No. 8:16–cv–2605–T–23CPT, 2018 WL 1326885, at *7 (M.D. Fla. Mar. 15, 2018) ("a jury must decide whether Quicken honored [plaintiff's] do-not-call request in a reasonable time"); *Buja v. Novation Cap., LLC*, No. 15-81002-CIV-MARRA, 2017 WL 10398957, at *6 (S.D. Fla. Mar. 31, 2017) ("this Court cannot conclude at this time that [d]efendants' taking two or three weeks to honor a DNC request is reasonable as a matter of law"); *Martin v. Comcast Corp.*, No. 12 C 6421, 2013 WL 6229934, at *6 (N.D. Ill. Nov. 26, 2013) (declining to decide as a matter of law that one or two weeks to honor a plaintiff's do-not-call request was a reasonable amount of time as a matter of law).

Eyebuydirect, in turn, incorrectly asserts that the court in *Barr* interpreted the same provision to provide for a definitive 30-day safe harbor.  *See* Dkt. No. 30 at 5.  The court in *Barr* does indeed note that "a defendant must comply with a [do-not-call] request within 30 days."  2023 WL 6393480, at *6.  But there is a distinction between a regulation which requires compliance within 30 days, and one which permits non-compliance for 30 days.  Rather than declare the

plaintiff's claim dead-on-arrival for alleging a delay of less than 30 days, the court in *Barr* went on to note that it "struggle[d] to see how failure to comply with [the plaintiff's] [do-not-call] request within one business day could be unreasonable." *Id.* (citing *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014)). Indeed, the court in *Barr* explicitly stated that "[t]here is no statutory safe harbor for a violation of the requirement to have procedures in place prior to the initiation of a call." *Id.* at *5 (quoting *Simmons*, 222 F. Supp. 3d at 131). Thus, in contrast to Eyebuydirect's assertion, *Barr* does not interpret § 64.1200(d)(3) to provide for a strict cut-off of 30 days, but instead, used the regulation's reference to a 30-day period as a starting point for assessing whether the alleged delay was reasonable. Accordingly, the fact that Plaintiff does not allege a gap of over 30 days does not, alone, warrant dismissal.

However, though the remaining inquiry of whether a delay in honoring an opt-out request was unreasonable is often best left to a jury, Plaintiff's allegations present the rare scenario in which dismissal at the pleadings stage is warranted, at least in this Circuit. Here, Plaintiff alleges a delay of seven business days and nine days total. *See generally* Dkt. No. 12 at ¶¶ 9-10. The Court finds that this alleged delay was reasonable under § 64.1200(d)(3). In so finding, the Court follows the relevant cases in this Circuit. In *Simmons v. Charter Commc'ns, Inc.*, a decision affirmed via summary order by the Second Circuit, the court found, "*as a matter of law*" that a 15-day delay in honoring an opt-out request was "reasonable." 222 F. Supp. 3d at 140 n.14 (emphasis added), *aff'd*, 686 F. App'x 48. Similarly, in *Barr*, the court found that the alleged three-day delay, admittedly shorter than that alleged here, was reasonable at the pleadings stage. 2023 WL 6393480, at *6. These cases suggest that even though § 64.1200(d)(3) does not create a definitive safe harbor for delays under 30 days, especially short delays may be found to be reasonable on the pleadings alone, without a fact-intensive inquiry. The Court sees no reason to depart from the

relevant precedent in this Circuit, and therefore, finds that the Amended Complaint fails to allege an unreasonable delay in honoring Plaintiff's request.

Taking heed of the numerous cases which left the issue of reasonableness to be determined at a later stage, Plaintiff contends that dismissal at this stage is premature.  Dkt. No. 29 at 1 (asserting the question of whether Eyebuydirect "acted reasonably" should be deferred until "after discovery").  Indeed, *Simmons* was decided upon a motion for summary judgment, after the opportunity for discovery.  But dismissal at the motion to dismiss stage is warranted where a plaintiff's allegations fail as a matter of law.  Though assessing claims at the motion for summary judgment stage, the *Simmons* court's finding that a lengthier delay than the one alleged here was reasonable *as a matter of law* was untethered to the facts adduced in discovery.  222 F. Supp. 3d 140 n.14.  And the Court in *Barr* determined that the alleged delay warranted dismissal at the pleadings stage.  2023 WL 6393480, at *6.  Because discovery could not unveil facts that alter the alleged delay in honoring Plaintiff's opt-out request, Plaintiff has failed to state a claim and dismissal is appropriate.

Plaintiff also argues that, because Eyebuydirect's contact of Plaintiff was through an automated system, Eyebuydirect "could have immediately stopped texting[,]" and thus, the continuing text messages were unreasonable under § 64.1200(d)(3).  Dkt. No. 29 at 6.  But, as the court in *Simmons* noted, this argument reads into the regulation a requirement that a do-not-call request be honored "as soon as practicable."  222 F. Supp. 3d 140 n.14.  No such language exists, and thus, whether a defendant was technically capable of honoring a request sooner is not determinative of whether the defendant honored the request within a reasonable period.

Finally, the Court acknowledges that § 64.1200(d)(3) is not the sole procedural requirement alleged to have been lacking in this case.  But as discussed above, to successfully plead a claim

under any of the requirements of § 64.1200(d), a complaint must contain some facts which at least plausibly support the inference that a defendant lacked the required procedures. Here, Plaintiff's allegation that Eyebuydirect failed to honor the do-not-call request is the only relevant allegation pled with any degree of factual specificity. *See* Dkt. No. 12 at 1. The remainder of the allegations, as discussed above, use the alleged delay in honoring Plaintiff's request *to draw inferences* as to Eyebuydirect's internal procedures. *See, e.g., id.* at ¶¶ 15-18 (alleging that Eyebuydirect's "refusal to honor Plaintiff's opt-out requests *demonstrates that* . . ." Eyebuydirect lacked the other required procedures (emphasis added)); *id.* at ¶ 23 (same). Because this Court has found that the period alleged is reasonable as a matter of law, the remainder of the Amended Complaint similarly fails to pass muster. Without an unreasonable delay, and without a request for Eyebuydirect's internal policy, the Court has no basis for drawing the inference that Eyebuydirect lacked the required procedures prior to messaging Plaintiff, a necessary component for any § 64.1200(d) claim.

Therefore, the Amended Complaint must be dismissed.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion, Dkt. No. 27, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion to dismiss the original Complaint, Dkt. No. 11, is denied as moot; and the Court further

**ORDERS** that the Amended Complaint is **dismissed without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: <u>June 13, 2025</u>
      Albany, New York

Anne M. Nardacci
U.S. District Judge